TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SARA B. MILSTEIN (Cal. Bar No. 313370)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8611
     Facsimile: (213) 894-3713
     E-mail:    sara.milstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 19-700-JAK |
|---|---|
| Plaintiff, | JOINT STATEMENT RE: DEFENDANT JAMES DAVID ROGERS' RULE 11 PLEA |
| v. | |
| JAMES DAVID ROGERS, | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Sara Milstein and Amy Pomerantz, and defendant JAMES DAVID ROGERS ("defendant"), by and through his counsel of record, Deputy Federal Public Defender Waseem Salahi, hereby submit this joint statement regarding defendant's Rule 11 plea.

### GUILTY PLEAS

     1.   Defendant is pleading guilty to Counts One, Two, Three, Four and Five of the Indictment in United States v. JAMES DAVID ROGERS, CR No. 19-700-JAK, which charge defendant with Mailing

Threatening Communications, in violation of 18 U.S.C. § 876(c); Threats by Interstate Communications, in violation of 18 U.S.C. § 875(c); and Stalking, in violation of 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5).

**NATURE OF THE OFFENSES**

2. In order for defendant to be guilty of the crime charged in Counts One and Two of the Indictment, that is, Mailing Threatening Communications, in violation of 18 U.S.C. § 876(c), the following must be true: (1) the defendant knowingly mailed a letter addressed to a natural person containing a threat to injure any person; and (2) the defendant intended to communicate a threat by such letter.

3. In order for defendant to be guilty of the crime charged in Count Three of the Indictment, that is, Threats by Interstate Communications, in violation of 18 U.S.C. § 875(c), the following must be true: (1) the defendant knowingly transmitted in interstate commerce oral communications containing a threat to injure a natural person; and (2) such oral communications were transmitted for the purpose of issuing a threat, or with knowledge that the oral communications would be viewed as a threat.

4. In order for defendant to be guilty of the crime charged in Counts Four and Five of the Indictment, that is, Stalking, in violation of 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5), the following must be true: (1) the defendant, with the intent to kill, injure, harass, or intimidate; (2) used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce; (3) to engage in a course of conduct that either (a) placed a person in reasonable fear of death or serious bodily

injury to that person or an immediate family member, or (b) caused, attempted to cause, or would reasonably be expected to cause, substantial emotional distress to a person or an immediate family member of that person.

**PENALTIES**

5. The statutory maximum sentence that the Court can impose for each violation of 18 U.S.C. § 876(c), is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. The statutory maximum sentence that the Court can impose for A violation of 18 U.S.C. § 875(c), is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. The statutory maximum sentence that the Court can impose for each violation of 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5), is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the

offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9. By pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

10. If defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

**FACTUAL BASIS**

11. Beginning on March 2, 2007, and continuing to November 7, 2019, defendant engaged in a course of conduct with the intent to harass and intimidate Victims 1 and 2, each a natural person.

Specifically, defendant knowingly transmitted and addressed to Victims 1 and 2 written and oral communications containing threats to injure Victims 1 and 2. In transmitting these communications, defendant intended to communicate the threats by mail and telephone, and defendant knew that those communications would be viewed as threats. To engage in this course of conduct, defendant used facilities of interstate and foreign commerce, namely, the United States mail and interstate telephonic communications. At all times during this course of conduct, defendant reasonably expected to cause substantial emotional distress to Victims 1 and 2.

**SENTENCING FACTORS**

12. In determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

**WAIVER OF CONSTITUTIONAL RIGHTS**

13. By pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

//
//
//

      g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

Dated: 03/31/2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/ Sara B. Milstein
SARA B. MILSTEIN
AMY POMERANTZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: 03/31/2022

CUAUHTÉMOC ORTEGA
Federal Public Defender

/s/ Waseem Salahi
WASEEM SALAHI
Deputy Federal Public Defender
Attorney for Defendant
JAMES DAVID ROGERS